**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MOLLY KARP, derivatively on behalf of Nominal Defendant BERRY CORP.,

Plaintiff,

v.

ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, RENEE HORNBAKER, KAJ VAZALES, EUGENE J. VOILAND, ANNE MARIUCCI, and DONALD PAUL,

Defendants,

and

BERRY CORPORATION (BRY),

Nominal Defendant.

C.A. No. 23-00069-(MN)

**JOINT STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS**

WHEREAS, on January 20, 2023, plaintiff Molly Karp ("Plaintiff") filed a shareholder derivative action purportedly on behalf of nominal defendant Berry Corp. ("Berry" or the "Company") in this Court alleging claims for breaches of fiduciary duty and unjust enrichment against defendants Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Renee Hornbaker, Kaj Vazales, Eugene J. Voiland, Anne Mariucci, and Donald Paul (collectively, the "Individual Defendants," and together with Berry, the "Defendants"), captioned *Karp v. Smith, et al.*, Civil Action No. 1:23-CV-00069 (MN) (the "Derivative Action");

WHEREAS, Plaintiff's Verified Stockholder Derivative Complaint (the "Complaint") in the above-captioned Derivative Action involves factual contentions that overlap with a securities

class action pending in this Court, entitled *Torres, et al. v. Berry Corp., et al.*, Civil Action No. 3:20-CV-3464-S (the "Securities Action");

WHEREAS, Plaintiff and Defendants (collectively, the "Parties") have met and conferred and agree that, given the circumstances of this Derivative Action and the related Securities Action, it would be in the best interests of Berry to temporarily stay the Derivative Action to avoid inefficiencies and duplicative efforts, and better preserve the resources of the Parties and the Court;

NOW THEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order providing as follows:

1. Upon the Court's approval of this Stipulation as an Order of the Court, this Derivative Action, including all deadlines and hearings, shall be temporarily stayed pending the issuance of a decision in the Securities Action resolving a motion by the Securities Action defendants for summary judgment.

2. In the event that the parties to the Securities Action and/or any other shareholder derivative action(s) based on the same or similar facts as those alleged in this Derivative Action agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants will provide Plaintiff with reasonable advance notice and shall invite Plaintiff to participate therein.

3. Defendants will promptly notify Plaintiff should any other Berry stockholder(s) make a pre-suit litigation demand under Delaware law or a books and records inspection demand pursuant to Section 220 of the Delaware General Corporate Law, 8 *Del. C.* § 220 ("Section 220") alleging the same or similar misconduct as that alleged in the Derivative Action, or if the Defendants become aware of any additional shareholder derivative lawsuit(s) filed in any forum based on the same or similar events or misconduct as that alleged in the Derivative Action.

4. While the Derivative Action is stayed, subject to a mutually agreeable confidentiality agreement, Defendants shall promptly provide Plaintiff, with undersigned counsel as Plaintiff's designated receiving agent, copies of any documents produced by Berry in response to any demand(s) made pursuant to Section 220, based on the same or similar facts as those alleged in this Derivative Action.

5. The Parties agree that upon the close of fact discovery in the Securities Action, the Parties will meet and confer to identify which documents, responses to interrogatories, requests for admission and/or deposition testimony from the Securities Action will be produced to Plaintiff. Upon completion of such meet and confer and agreement on scope of production, the agreed-upon discovery materials will be produced to Plaintiff within thirty (30) days. The production of such materials will also be subject to the entry of a mutually agreeable confidentiality agreement.

6. In the event that a court-ordered settlement conference or party-scheduled mediation is set prior to close of fact discovery in the Securities Action, the Parties will meet and confer to identify which documents, responses to interrogatories, requests for admission and/or deposition testimony from the Securities Action will be produced to Plaintiff sufficiently in advance of the settlement conference or mediation. The production of such materials will also be subject to the entry of a mutually agreeable confidentiality agreement that provides, among other things, that such materials shall be used solely for purposes of mediation.

7. Notwithstanding the agreed-upon stay of the Derivative Action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

8. This stay shall not apply to any motions, stipulations, or any other related filings, pertaining to consolidation of any related shareholder derivative action(s) which may be filed in the future in this Court, and/or the appointment of lead plaintiff(s) and lead and liaison counsel(s).

9. The Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Litigation. The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Litigation is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action. The Parties agree that Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court. The Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants. Unless otherwise ordered by the Court, the Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

10. The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

11. Upon the occurrence of either (1) the issuance of a decision in the Securities Action resolving a motion by the Securities Action defendants for summary judgment; or (2) fifteen (15)

days after any Party to this Stipulation has given notice in writing via email to opposing counsel that it no longer consents to the voluntary stay of this Derivative Action, then the stay shall be lifted and the Parties shall notify the Court within thirty (30) days after the lifting of the stay.

12. Within thirty (30) days after lifting of the stay as provided in paragraph 10 or 11 above, the Parties shall meet and confer and submit to the Court a schedule for Plaintiff to file an amended complaint and/or for Defendants to file a motion to dismiss the Derivative Action or otherwise respond to the operative complaint.

13. By entering into this Stipulation, the Parties do not waive any rights, claims, or defenses not specifically addressed herein, including the right to pursue formal discovery after the stay is lifted, the right to object to any formal discovery, the right to move for a future stay, and the right to file any other motion that any Party deems appropriate. Defendants expressly reserve all rights, claims, and defenses, including, but not limited to, those regarding the standing and adequacy of Plaintiff to prosecute the Derivative Action pursuant to Federal Rule of Civil Procedure 23.1 and 8 *Del. C.* §327.

**STIPULATED TO AND APPROVED BY:**

Dated: February 13, 2023

COOCH AND TAYLOR, P.A.

By: /s/ *Blake A. Bennett*
Blake A. Bennett (#5133)
Andrew A. Ralli (#6733)
The Nemours Building
1007 North Orange St., Suite 1120
Wilmington, DE 19801
(302) 984-3800
bbennett@coochtaylor.com
aralli@coochtaylor.com

*Counsel for Plaintiff Molly Karp*

POTTER ANDERSON & CORROON LLP

By: /s/ *Jonathan A. Choa*
Michael A. Pittenger (#3212)
Jonathan A. Choa (#5319)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
(302) 984-6000
mpittenger@potteranderson.com
jchoa@potteranderson.com

*Counsel for Defendants*

CO-COUNSEL:

WEISS LAW
David C. Katz
Mark D. Smilow
Joshua M. Rubin
305 Broadway, 7th Floor
New York, NY 10007
(212) 682-3025
dkatz@weisslawllp.com
msmilow@weisslawllp.com
jrubin@weisslawllp.com

OF COUNSEL:

BAKER & HOSTETLER LLP
Douglas W. Greene
45 Rockefeller Plaza
New York, NY 10111-0100
(212) 589-4200
dgreene@bakerlaw.com

**IT IS SO ORDERED**:

Dated: ___________________

________________________________
Maryellen Noreika
United States District Judge